IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James E. Mixson, Jr., | ) | CIVIL ACTION NO.: 3:24-cv-01299-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | COMPLAINT |
| | ) | |
| Brian Lamar Thompson and | ) | |
| Panther II Transportation, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff above named, complaining of Defendants, alleges:

1. Plaintiff is a resident and citizen of the State of South Carolina.

2. Defendant Brian Lamar Thompson is a resident and citizen of the State of North Carolina.

3. Defendant Panther II Transportation, Inc. is a corporation duly organized and existing under the laws of a state other than South Carolina and at all times relevant hereto was engaged in the business of transporting goods in interstate commerce in the United States, including South Carolina.

4. That the amount in controversy herein, exclusive of costs, exceeds the sum of $75,000.

5. Venue is proper in this court because the events giving rise to his claim occurred in this district.

6. That on September 28, 2021, at approximately 4:40 p.m., Plaintiff was the operator of a 2018 pickup truck pulling a flatbed trailer traveling north on I-77 in Blythewood, South Carolina and slowed due to traffic.

1

7. On the date, time and place aforesaid, the Defendant Brian Lamar Thompson, as agent, servant or employee of Panther II Transportation, Inc. was the operator of a 2015 tractor trailer also proceeding north on I-77 in Blythewood, South Carolina, and by and through the negligence, carelessness, recklessness, willfulness and wantonness of the Defendants, suddenly and without warning the Defendants' vehicle, traveling too fast for conditions, collided with the rear of the flatbed trailer attached to Plaintiff's vehicle, as a result of which Plaintiff sustained injuries and damages as hereinafter set forth.

8. That the negligence, carelessness, recklessness, willfulness and wantonness of the Defendants, consisted, among other things, of the following:

   a. In failing and omitting to stop, slacken the speed, or change the lane of travel of their vehicle, the Defendant knew or should have known that by continuing to proceed their vehicle would run into the rear of the Plaintiff's;

   b. In failing to keep a proper lookout for other traffic then and there using said highway;

   c. In failing to have and keep their vehicle under proper and reasonable control;

   d. In operating their vehicle at a high and excessive rate of speed under the circumstances.

   e. In following the Plaintiff's vehicle too closely;

   f. In failing to take any precaution to avoid allowing their vehicle to strike and collide with the Plaintiff's;

   g. In failing to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstance.

9. That by reason of an in consequence of the negligence, carelessness, recklessness, willfulness and wantonness of the Defendants, jointly, severally, or in the alternative, and as a direct and proximate result thereof, the aforesaid collision resulted in multiple injuries to Plaintiff's body, including injuries to his head, neck, shoulder and back, requiring hospital treatment and treatment from physicians and other medical personnel, by reason of which Plaintiff has been caused to expend monies and will in the future be required to expend further sums of monies, upon information and belief the injuries he sustained have resulted in chronic medical problems and he has suffered and will in the future suffer pain and mental anguish and has been prevented and will be prevented from engaging in normal activities and has lost wages he otherwise would have made and his earning capacity has been diminished; he has been deprived of enjoyments of persons in like circumstances and has been otherwise damages, all to his damage.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly, severally, or in the alternative, for actual damages in such sums as will fully, fairly and justly compensate him for his injuries, and for such punitive damages as the jury may determine, together with such other relief as may be appropriate.

By: s/Gedney M. Howe, IV
Gedney M. Howe, IV (Federal Bar No.13339)
LAW OFFICES OF GEDNEY M. HOWE, III, P.A.
Post Office Box 1034
Charleston, SC 29402
Telephone 843.722.8048
Facsimile 843.722.2140
Email: gedney4@gedneyhowe.com

Cristin Uricchio (Federal Bar No. 12163
URICCHIO LAW FIRM
147 Wappoo Creek Dr. #205
Charleston, SC 29412
Telephone: 843.795.9300
cristin@uricchiolaw.com

March 18, 2024
Charleston, South Carolina